UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ORESTES GUERRERO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>G. MATTERSON,<br><br>　　　　　Respondent. | Case No. 20-cv-05923-WHO (PR)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**<br><br>Dkt. No. 2 |

## INTRODUCTION

Petitioner Richard Orestes Guerrero seeks federal habeas relief from his state convictions. The claims in the petition for such relief cannot proceed. Accordingly, the petition is DISMISSED with leave to file an amended petition on or before **January 18, 2021**. Failure to file an amended petition that complies with the instructions in this Order will result in the dismissal of the suit and entry of judgment in favor of respondent.

## BACKGROUND

According to the petition, in 2018 Guerrero pleaded nolo contendere in the Santa Clara County Superior Court to charges of voluntary manslaughter, assault with a firearm, and a gang sentencing enhancement. (Pet., Dkt. No. 1 at 2.) His attempts at overturning his convictions in state court were unsuccessful. This federal habeas petition followed.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall

"award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Guerrero claims that the trial court ignored or failed to grant various motions, there was insufficient evidence to support his convictions, his speedy trial rights were violated, the trial judge should have been disqualified, there was ineffective assistance of counsel, and evidence should have suppressed under the Fourth Amendment. (Pet., Dkt. No. 1 at 5, 7; Dkt. No. 1-1 at 2-6.) These claims cannot proceed.

The Fourth Amendment claims are barred from federal habeas review unless the state did not provide an opportunity for full and fair litigation of those claims. *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976); *Newman v. Wengler*, 790 F.3d 876, 878 (9th Cir. 2015) (*Powell*'s holding survived the passage of AEDPA). The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. *See* Cal. Pen. Code § 1538.5.

Nor can the other claims proceed. Because Guerrero pleaded guilty, only two habeas claims are available to him: the (i) voluntary and intelligent character of the plea and (ii) adequacy of the advice of counsel. *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)).[1] Neither claim appears

---

[1] There are exceptions to this general bar. For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court

in the petition. Accordingly, the petition will be dismissed with leave to file an amended petition that contains these two claims if appropriate.

Because Guerrero may not have exhausted such claims in state court, he may wish to file a motion to stay habeas proceedings while he exhausts his claims. Prisoners in state custody who wish to challenge either the fact or length of their confinement collaterally in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If Guerrero proceeds with unexhausted claims, respondent will likely file a motion to dismiss on grounds of nonexhaustion.

Guerrero's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 2.)

## CONCLUSION

The petition is DISMISSED with leave to file an amended petition on or before **January 18, 2021**. Guererro may wish to file a motion for a stay along with the amended petition.

The amended petition must include the caption and civil case number used in this order (20-05923 WHO (PR)) and the words FIRST AMENDED PETITION on the first page. Because an amended petition completely replaces the previous petitions, Guerrero must include in his amended petition all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action without further notice to him.

It is Guerrero's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the Clerk headed

---

to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

3

"Notice of Change of Address." He must comply with the court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** December 8, 2020



_____
WILLIAM H. ORRICK
United States District Judge