UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ORESTES GUERRERO,<br><br>    Petitioner,<br><br>    v.<br><br>G. MATTERSON,<br><br>    Respondent. | Case No. 20-cv-05923-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 19 |

## INTRODUCTION

Petitioner Richard Orestes Guerrero seeks federal habeas relief from his state convictions, claiming that counsel rendered ineffective evidence and that his plea was not knowing and voluntary. Respondent moves to dismiss the habeas petition on the grounds that the claims are procedurally defaulted because the state supreme court held that they were successive under *In re Clark*, 5 Cal. 4th 750 (1993). Respondent is correct and Guerrero has not shown that the state's successive bar is inadequate. Moreover, Guerrero's claims are not cognizable because they relate to pre-plea matters, which were effectively waived when he pleaded guilty to the charges. The motion to dismiss is GRANTED and the habeas action is DISMISSED.

## BACKGROUND

Guerrero was twice tried on charges arising from a 2008 gang shooting. (Mot. to Dismiss (MTD), State Appellate Opinion, Dkt. No. 19 at 11.) The conviction following his first trial was reversed on appeal;[1] his second ended in a mistrial and acquittal on a

---

[1] *People v. Lopez*, No. H039476, 2016 WL 2643108, at *1 (Cal. Ct. App. May 10, 2016).

charge of first degree murder. (*Id.*) In 2018, following the mistrial, Guerrero pleaded nolo contendere in the Santa Clara County Superior Court to charges of voluntary manslaughter, assault with a firearm, and a gang sentencing enhancement.[2] (Pet., Dkt. No. 1 at 2.) He received a sentence of seventeen years. His attempts at overturning his convictions in state court were unsuccessful. This federal habeas petition followed.

I dismissed Guerrero's original petition with leave to amend. His petition did not contain the only challenges available to him after pleading guilty: (i) voluntary and intelligent character of the plea; and (ii) adequacy of the advice of counsel. (Order Dismissing Petition, Dkt. No. 7.) Guerrero moved to stay his habeas action because he had not exhausted such claims. (Dkt. No. 8.) The stay was granted. (Dkt. No. 9.)

During the stay, Guerrero filed a habeas petition in the state supreme court, which denied it. The court stated:

> The petition for writ of habeas corpus is denied. (*See In re Clark* (1993) 5 Cal. 4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive]; *People v. Duvall* (1995) 9 Cal. 4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; *In re Swain* (1949) 34 Cal. 2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].)

(MTD, Dkt. No. 19 at 113.)

After the state supreme court issued its decision, Guerrero filed a motion to reopen, which was granted, and then he filed an amended petition. (Dkt. Nos. 12, 13, and 14.) After the Order to Show Cause was issued, respondent filed a motion to dismiss, which is the subject of the present Order. (Dkt. Nos. 16 and 19.)

As grounds for federal habeas relief, Guerrero alleges that (i) counsel was ineffective at his trial; and (ii) his plea was not knowing and voluntary because counsel's trial performance was ineffective. (Am. Pet., Dkt. No. 14 at 1-4.)

---

[2] In California, the legal effect of a plea of nolo contendere to a felony is considered the same as that of a plea of guilty for all purposes. Cal. Pen. Code § 1016.

**DISCUSSION**

Respondent moves to dismiss the habeas action on grounds that Guerrero's claims are (i) procedurally defaulted; and (ii) not cognizable on federal habeas review.

**i.   Procedural Default**

Respondent contends that the state supreme court's citation to *In re Clark* renders all claims procedurally defaulted. (MTD, Dkt. No. 19 at 5.) Guerrero's opposition to the motion does not mention *Clark* and discusses procedural default in conclusory terms. (Dkt. No. 20.)

**a.   Procedural Default Principles**

Federal habeas relief is unavailable if a claim is procedurally defaulted, that is, if a state denied claims because a petitioner failed to comply with the state's requirements for presenting claims. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The state's grounds for denying the claim "must be independent of the federal question and adequate to support the judgment." *Id.* at 729. A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. U.S. Dist. Ct. (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

The state carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). If the state meets this requirement, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the state bar rests with the state, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*

To overcome a claim of procedural default, petitioner must establish either (1) cause for the default, and prejudice, or (2) that failure to consider the defaulted claims

3

will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). To show cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). To show prejudice, a petitioner bears "the burden of showing not merely that the Case errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the Court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

To show a "fundamental miscarriage of justice," a petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623. It is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

    **a.**    **Application of Procedural Default Principles**

Respondent has carried the initial burden of adequately pleading the existence of an independent and adequate state procedural ground as an affirmative defense. As respondent points out, the state supreme court denied Guerrero's habeas application with a citation to *In re Clark*, 5 Cal. 4th at 767-69. In *Clark*, the state supreme court held that "It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected.

1  The court has also refused to consider newly presented grounds for relief which were
2  known to the petitioner at the time of a prior collateral attack on the judgment." *Id.* at 767-
3  68 (internal citations omitted). *Clark* emphasized that a petitioner must "present all known
4  claims in a single, timely petition for writ of habeas corpus." *Id.* at 767; *accord In re*
5  *Morgan*, 50 Cal. 4th 932, 945 (Cal. 2010) ("A corollary of the rule against successive
6  petitions is the rule that all known claims must be brought in a single, timely habeas corpus
7  petition.").

8  Respondent has shown that the *Clark* successive bar is both independent and
9  adequate. It is independent because the state supreme court "explicitly invoke[d] the
10 procedural rule as a separate basis for its decision," *Vang v. Nevada*, 329 F.3d 1069, 1074
11 (9th Cir. 2003), and the application of the bar did not "depend[ ] on a consideration of
12 federal law," *id.* at 1075, federal law having no role in determining whether a state habeas
13 petition is successive, *In re Robbins*, 18 Cal. 4th at 811 (clarifying that *Clark*'s successive
14 bar is independent of federal law).

15 Although the Ninth Circuit has not yet ruled in a published case that the *Clark* bar
16 on successive or abusive petitions is adequate, many district courts have concluded that it
17 is.[3] *See, e.g., Luckett v. Matteson*, No. 18-cv-07670-HSG (PR), 2020 WL 6868834, at *10
18 (N.D. Cal. Nov. 23, 2020) ("*In re Clark* constitutes an independent and adequate state
19 procedural ground for the state court's denial of Petitioner's claims, barring federal habeas
20 review"); *Churich v. Hatton*, No. 18-cv-02943-VC (PR), 2020 WL 978625, at *3 (N.D.
21 Cal. Feb. 28, 2020) (petition barred by *Clark*'s successive petition rule); *Briggs v. State*,
22 No. 15-cv-05809-EMC, 2017 WL 1806495, at *6-7 (N.D. Cal. May 5, 2017) (claims
23 procedurally defaulted because *Clark*'s bar against successive or abusive petitions is
24 adequate and independent); *Flowers v. Foulk*, No. C 14-0589 CW, 2016 WL 4611554, at

---

[3] In an unpublished case, the Ninth Circuit found that the state had shown that the *Clark* bar was adequate and independent; that petitioner failed to put the bar's adequacy at issue; and that petitioner's claims were therefore procedurally defaulted. *Du Trieu v. Fox*, 764 Fed. App'x 624, 625 (9th Cir. 2019).

\*4 (N.D. Cal. Sept. 6, 2016) ("California's bar against successive petitions is . . . adequate and independent.");[4] *Rutledge v. Katavich*, No. C 08-5738 MMC (PR), 2012 WL 2054975, at \*6-7 (N.D. Cal. Jun. 5, 2012) (dismissing claim as procedurally defaulted because state supreme court rejected petition with a citation to *Clark*'s bar against successive petitions and petitioner failed to overcome procedural bar); *Ray v. Cate*, No. C 11-1604 YGR (PR), 2014 WL 3841214, at \*15 (N.D. Cal. Aug. 4, 2014) (same); *Arroyo v. Curry*, No. C 07-03718 SBA (PR), 2009 WL 723877, at \*6 (N.D. Cal. Mar. 18, 2009) ("Respondent has satisfactorily established that California's procedural bar against successive petitions as applied in practice was an adequate state ground for rejecting Petitioner's second habeas petition.").

Because the state has met its burden to adequately plead the existence of a valid state procedural bar, it became Guerrero's burden to show cause and prejudice or that a fundamental miscarriage of justice will result if the claim is not adjudicated on the merits. He has not done so. His opposition to the motion does not mention *Clark* and he discusses procedural default only in wholly conclusory terms: "I request the court not to dismiss petition to consider all my claims as a matter of law. A valid procedural bar can be surmounted only if petitioner demonstrates cause and prejudice, or a fundamental miscarriage of justice[.] *Coleman v. Thompson*[,] 501 US at 750; *Wells v. Maass* (9th Cir. 1994)[ ]28 F[.]3d 1005, 1008." (Opp., Dkt. No. 20 at 3.) Rather than discussing procedural default, Guerrero gave a procedural history of his conviction; asserted that he never waived his right to appeal; and made claims that counsel was ineffective during his trial. (*Id.* at 1-3.) In the operative petition, Guerrero mentions that he "always maintain[ed] my innocence" and then recites the actual innocence standard, but offers no facts to support his claim. (Am. Pet., Dkt. No. 14 at 5.)

None of this meets Guerrero's burden to place that defense in issue "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure,

---

[4] Affirmed on appeal. *See Flowers v. Foulk*, 774 Fed. App'x 1019, 1021 (9th Cir. 2019).

1    including citation to authority demonstrating inconsistent application of the rule." *Bennett*,

2    322 F.3d at 586. Nor do his contentions establish either (1) cause for the default, and

3    prejudice, or (2) that failure to consider the defaulted claims will result in a "fundamental

4    miscarriage of justice." *Harris*, 489 U.S. at 262.

5    Because the claims are procedurally defaulted and Guerrero has not overcome

6    default, respondent's motion to dismiss this habeas action is GRANTED. This federal

7    habeas action will be dismissed.

**b.    Claims Not Cognizable**

Even if Guerrero's claims were not procedurally defaulted, respondent's motion to dismiss would be granted on the additional ground that Guerrero's claims are not cognizable. A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Yet Guerrero claims that counsel rendered ineffective assistance during his trial, not that counsel's advice to plead guilty was inadequate. (Opp., Dkt. No. 20 at 1-4.) Because he waived any trial ineffectiveness claim when he pleaded guilty, his claim is not cognizable.

Guerrero's claim that his plea was involuntary because of counsel's poor trial performance also is not cognizable.[5] He alleges that he pleaded guilty because he did not want to risk "another trial with the same attorney." (Am. Pet., Dkt. No. 14 at 4.) This is not a claim that counsel's advice to plead guilty was faulty, and therefore it is not

---

[5] Guerrero states "When counsel has reason to question the defendant[']s competency to plead guilty, failure to investigate further may constitute ineffective assistance of counsel." (Opp., Dkt. No. 20 at 1.) However, he offers no facts showing that he was not competent or that counsel had reason to believe Guerrero was not competent.

cognizable. *Tollett*, 411 U.S. at 267 (after pleading guilty a defendant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was inadequate).

Respondent's motion to dismiss is GRANTED on the additional ground that Guerrero's claims are not cognizable.

## CONCLUSION

As a result, respondent's motion to dismiss is GRANTED. This federal habeas action is DISMISSED.

A certificate of appealability will not issue. Guerrero has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** December 21, 2022



WILLIAM H. ORRICK
United States District Judge